# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, TRANSPORTATION SECURITY ADMINISTRATION, and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendants*. | **COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>Case No. _____ |

Beth Haroules
Robert Hodgson
NEW YORK CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
Phone: (212) 607-3300
Fax: (212) 607-3318
bharoules@nyclu.org

Ashley Gorski
Patrick Toomey
Nathan Freed Wessler
Charlie Hogle
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2564
agorski@aclu.org

March 12, 2020

*Counsel for Plaintiffs*

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiffs American Civil Liberties Union and the American Civil Liberties Union Foundation (together, the "ACLU") seek the immediate processing and timely release of agency records from Defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), Transportation Security Administration ("TSA"), and U.S. Immigration and Customs Enforcement ("ICE").

2. Over the past few years, CBP and the TSA have significantly expanded their use of face surveillance technology at airports and the border, raising profound civil liberties concerns. Unlike other forms of identity verification, facial recognition technology can enable undetectable, persistent government surveillance on a massive scale. As this technology becomes increasingly widespread, it threatens to grant the government an unprecedented power to track individuals' movements and associations, posing grave risks to privacy and civil liberties.

3. In 2017, CBP began a program called the Traveler Verification Service ("TVS"), which involves photographing travelers during entry or exit from the United States, and using facial recognition technology to compare those photographs with images from government holdings. As of June 2019, CBP had processed more than 20 million travelers using facial recognition.

4. Since the start of TVS in 2017, CBP has partnered with numerous private entities in its facial recognition initiatives, including major airlines and airports. As of August 2019, 26 airlines and airports had committed to employing CBP's face-matching technology. Several airlines in the United States have already incorporated CBP's face-matching technology into boarding procedures for international flights leaving the country. Yet the public has little

information about the nature of these partnerships, or about the policies and privacy safeguards governing the processing, retention, and dissemination of data collected or generated through TVS.

5. Separately, the TSA has outlined a sweeping plan to implement face surveillance for both international and domestic travelers. According to a document published by the TSA entitled "TSA Biometrics Roadmap," the TSA intends to partner with CBP on face recognition for international travelers; apply face recognition to TSA PreCheck travelers; and ultimately expand face recognition to domestic travelers more broadly. The agency's implementation of this plan is already underway. In 2017, the TSA began working with CBP on the use of facial recognition for international travelers at TSA security checkpoints. In 2018, the agency began collecting facial images from individuals enrolling in TSA PreCheck. And in 2019, the TSA launched additional facial recognition testing at McCarran International Airport in Las Vegas.

6. Although Congress has authorized DHS to collect biometrics from certain categories of noncitizens entering or exiting the United States, it has not expressly authorized the collection of biometrics from U.S. citizens. Currently, U.S. citizens are permitted to opt out of TVS. However, in 2019, DHS published a document indicating its intention to pursue rulemaking to require mandatory facial recognition for all travelers entering and exiting the United States, including U.S. citizens. Following a public outcry from lawmakers and civil liberties organizations, CBP announced that it was no longer seeking the change to its rules. The full set of reasons for this reversal remains unclear, and CBP has left open the possibility that it will seek to require U.S. citizens to be subject to facial recognition upon entering or leaving the United States in the future.

7. The public lacks essential information about CBP's reversal on its intended rulemaking. It also lacks essential information about CBP's and TSA's plans to expand facial recognition technology at airports and the border; how photographs or "face prints" obtained by CBP or TSA will be accessed by airports, airlines, and commercial vendors, as well as federal, state, and local authorities; and how ineffective, discriminatory, and costly this facial recognition technology may be.

8. On January 9, 2020, the ACLU submitted a FOIA request (the "Request") to DHS, CBP, TSA, and ICE, seeking records concerning the use of facial recognition at airports and the border.

9. To date, no Defendant has released any records responsive to the Request.

10. The ACLU now asks the Court for an injunction requiring Defendants to process the Request immediately. The ACLU also seeks an order enjoining Defendants DHS, CBP, and TSA from assessing fees for the processing of the Request.

## JURISDICTION AND VENUE

11. The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

13. Plaintiff American Civil Liberties Union is a nationwide non-profit and non-partisan 26 U.S.C. § 501(c)(4) organization dedicated to the constitutional principles of liberty and equality. The American Civil Liberties Union's mission is to maintain and advance civil rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States. The American Civil Liberties Union is also

3

committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the American Civil Liberties Union's work and one of its primary activities. The American Civil Liberties Union is incorporated in the District of Columbia and has its principal place of business in New York City.

14. Plaintiff American Civil Liberties Union Foundation is a separate 26 U.S.C. § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties. It is incorporated in New York State and has its principal place of business in New York City.

15. Defendant DHS is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

16. Defendant CBP is a component of DHS and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

17. Defendant TSA is a component of DHS and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

18. Defendant ICE is a component of DHS and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## FACTUAL BACKGROUND

### The FOIA Request

19. On January 9, 2020, the ACLU submitted the Request to DHS, CBP, TSA, and ICE. A true and accurate copy of the Request is attached hereto as Exhibit A.

20. The Request seeks several categories of documents pertaining to the use of facial recognition at airports and the border, including government contracts with airlines, airports, and other entities concerning TVS; policies and procedures concerning the acquisition, processing, retention, and dissemination of data acquired through TVS; analyses of the effectiveness of facial recognition technology; records concerning TSA's plans to apply facial recognition technology to domestic travelers; and final reports concerning the cost of implementation of TVS for individuals entering and exiting the United States.

21. The ACLU sought expedited processing of the Request on the ground that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. 5 U.S.C. § 552(a)(6)(E).

22. The ACLU sought a waiver of search, review, and reproduction fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

23. The ACLU also sought a waiver of search and review fees on the ground that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. *Id.* § 552(a)(4)(A)(ii).

**Defendants' Responses to the Request**

24. Despite the urgent public interest surrounding the requested documents, none of the Defendants has released any record in response to the Request.

25. Under the statute, agencies ordinarily have twenty working days to respond to a request, and an additional ten working days in certain circumstances. *See* 5 U.S.C.

§ 552(a)(6)(A), (a)(6)(B). More than thirty working days have passed since the ACLU submitted the Request. Thus, the statutory time period for responding has elapsed.

U.S. Department of Homeland Security

26.     By correspondence dated January 28, 2020, DHS acknowledged receipt of the Request and assigned it reference number 2020-HQFO-00412. DHS denied the ACLU's request for expedited processing and "conditionally" granted the ACLU's request for a fee waiver, explaining that it would reach a final decision concerning a fee waiver following its review of a sample of responsive documents.

27.     To date, DHS has neither released responsive records nor explained its failure to do so. The ACLU has exhausted all administrative remedies because DHS has failed to comply with the time limit for responding to the Request under FOIA.

28.     DHS continues to wrongfully withhold the requested records from the ACLU.

U.S. Customs and Border Protection

29.     By correspondence dated January 11, 2020, CBP acknowledged receipt of the Request and assigned it reference number CBP-2020-024672. CBP granted the ACLU's application for expedited processing and informed the ACLU that the application for a fee waiver was "not applicable" because the Request was "not billable."

30.     To date, CBP has neither released responsive records nor explained its failure to do so. The ACLU has exhausted all administrative remedies because CBP has failed to comply with the time limit for responding to the Request under FOIA.

31.     CBP continues to wrongfully withhold the requested records from the ACLU.

Transportation Security Administration

32.     By correspondence received on January 16, 2020, the TSA acknowledged receipt of the Request and assigned it reference number 2020-TSFO-00198.

33. To date, the TSA has neither released responsive records nor explained its failure to do so. The ACLU has exhausted all administrative remedies because the TSA has failed to comply with the time limit for responding to the Request under FOIA.

34. The TSA continues to wrongfully withhold the requested records from the ACLU.

U.S. Immigration and Customs Enforcement

35. By correspondence dated January 21, 2020, ICE acknowledged receipt of the Request and assigned it reference number 2020-ICFO-18245. ICE granted the ACLU's application for a fee waiver.

36. To date, ICE has neither released responsive records nor explained its failure to do so. The ACLU has exhausted all administrative remedies because ICE has failed to comply with the time limit for responding to the Request under FOIA.

37. ICE continues to wrongfully withhold the requested records from the ACLU.

## CAUSES OF ACTION

38. Defendants have failed to produce records responsive to the Request.

39. Defendants' failure to make a reasonable effort to search for records responsive to the Request violates FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

40. Defendants' failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), and Defendants' corresponding regulations.

41. Defendants' failure to process the ACLU's request expeditiously and as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

42. The failure of Defendants DHS, CBP, and TSA to grant the ACLU's request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), as well as those Defendants' corresponding regulations.

43. The failure of Defendants DHS, CBP, and TSA to grant the ACLU's request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), as well as those Defendants' corresponding regulations.

## REQUESTED RELIEF

WHEREFORE, the ACLU respectfully requests that this Court:

A. Order Defendants to immediately conduct a thorough search for all responsive records;

B. Order Defendants to immediately process and release any responsive records;

C. Enjoin Defendants DHS, CBP, and TSA from charging the ACLU search, review, or duplication fees for the processing of the Request;

D. Award the ACLU its costs and reasonable attorneys' fees incurred in this action; and

E. Grant such other relief as the Court deems just and proper.

Dated: March 12, 2020

Respectfully submitted,

*[signature]*

Beth Haroules
Robert Hodgson
NEW YORK CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
Phone: (212) 607-3300
Fax: (212) 607-3318
bharoules@nyclu.org

Ashley Gorski
Patrick Toomey
Nathan Freed Wessler
Charlie Hogle
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2564
agorski@aclu.org

*Counsel for Plaintiffs*